UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ORIGINAL

RECEIVED
MAY 13 2002
MJL

Civil File No. 02-2356 MJD/JGL

CARPENTERS & JOINERS WELFARE FUND, TWIN CITY CARPENTERS PENSION FUND, TWIN CITY CARPENTERS VACATION FUND, TWIN CITY CARPENTERS APPRENTICESHIP AND TRAINING PROGRAM, CARPENTERS & JOINERS DEFINED CONTRIBUTION PLAN,

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR DEFAULT JUDGMENT**

LOADING DOCK SPECIALISTS, INC., and ERICK MAGNUSEN, individually,

Defendants.

This matter was heard before the undersigned on the 17th day of May 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on December 21, 2001. Defendants were personally served with the Summons and Complaint in this matter on December 27, 2001.

2. Defendants have failed to file and serve a response or Answer to the Summons and Complaint.

FILED MAY 17 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAY 17 2002
DEPUTY CLERK

3. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, inter alia, pension, health and welfare vacation benefits and training to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

4. Defendants accepted and agreed to be bound by a Collective Bargaining Agreement between the Independent Millwright Contractors Association of Southern Minnesota, Western Wisconsin, and South Dakota and Millwright and Machinery Erectors Local #548 and the Lakes and Plains Regional Council of Carpenters and Joiners of America. The Agreement obligates Defendants, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

5. Defendants failed to timely submit report forms or pay contributions for the months of August, September, October, November and December 2001, and January, February, and March 2002.

6. Plaintiffs believe Defendants have employed individuals during these months for which contributions are due.

7. The Bargaining Agreement provides that Defendants pay liquidated damages of 10% of delinquent contributions.

8. The Bargaining Agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

**CONCLUSIONS OF LAW**

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendants have failed to submit its reports and pay contributions due to Plaintiffs for the months of August, September, October, November, December 2001, January, February and March 2002.

**ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Default Judgment is granted.

2. That Defendants file reports for August 2001 through March 2002, and all other months which may become due, at the offices of Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, MN 55425, correctly identifying hours worked by carpenters and the last known addresses of its employees pursuant to the Collective Bargaining Agreement within 10 days of service of this Order upon them.

3. That Defendants pay the contributions of all of the hours reported pursuant to the Court's Order plus liquidated damages in the amount of 10% of the delinquent contributions and Plaintiffs' attorney fees and costs.

4. That upon the filing of all of outstanding reports including those for the months of August, September, October, November, December, 2001 and January, February, and March, 2002, by Defendants with Plaintiffs pursuant to this Order, if

Defendants fail to make payments required by this Order, the Plaintiffs may move the Court for entry of judgment in the amount of unpaid contributions, liquidated damages, and attorney fees and costs as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and affidavit on Defendants.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: May 17, 2002

BY THE COURT

Michael J. Davis

The Honorable Michael J. Davis
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

✓ ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.